Case 2:20-cv-00012   Document 44   Filed on 10/13/20 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID TYRONE THOMAS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00012 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner David Tyrone Thomas is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Lewis Unit in Woodville, Texas. Proceeding *pro se*, Thomas filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 9, 2020.[1] (D.E. 1). He subsequently filed an amended petition in accordance with the undersigned's order. (D.E. 33). Thomas raises several claims relating to his order of deferred adjudication and subsequent revocation proceedings in state court. Respondent filed a motion to dismiss[2] contending that the § 2254 petition was untimely, to which Thomas responded. (D.E. 40, 41). As discussed more fully below, it is respectfully recommended that Respondent's construed motion for summary

---

[1] Thomas stated under penalty of perjury that he placed his petition in the prison mail system on January 9, 2020, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.

[2] Because matters outside the pleadings must be considered in order to rule on the motion, namely, the state court record, the undersigned construes it as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Review is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

judgment be granted and Thomas's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Thomas was convicted in Kleberg County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. *State Court Records*

In January 2015, Thomas was charged as a habitual felony offender in a superseding indictment with: (1) manufacturing or delivery of a controlled substance, in violation of Texas Health and Safety Code § 481.113(D) and Texas Penal Code § 12.42 (Count 1); (2) tampering with evidence, in violation of Texas Penal Code §§ 37.09 and 12.42 (Count 2); and (3) evading arrest with a previous conviction, in violation of Texas Penal Code §§ 38.04 and 12.425(B) (Count 3). (D.E. 38-5 at 7-9). Thomas pleaded guilty to counts two and three pursuant to a written plea agreement and waived his right to appeal. (*Id.* at 27-28). The state moved to dismiss count one. (*Id.* at 34). On April 13, 2015, the state court entered an order of deferred adjudication placing Thomas on community supervision for a period of eight years. (*Id.* at 36). Thomas did not file a direct appeal.

In August 2016, the state moved to revoke Thomas's community supervision and have him adjudicated guilty, alleging that he had violated several conditions of his

supervision. (*Id.* at 38-39). At the revocation hearing, the state withdrew one of the counts, and Thomas pleaded true to the remaining four counts. (D.E. 38-10 at 13-15). On January 11, 2017, the state court revoked Thomas's community supervision and sentenced him to 25 years' imprisonment on Count 2 and 20 years' imprisonment on Count 3, to be served concurrently. (D.E. 38-5 at 51).

The Thirteenth District Court of Appeals of Texas affirmed Thomas's revocation and sentences on direct appeal. (D.E. 38-4 at 1-5). The Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review on March 28, 2018. (*See* D.E. 38-37 at 96); *Thomas v. State*, Nos. 13-17-00068-CR; 13-17-00069-CR, 2017 WL 6616739 (Tex. App.—Corpus Christi 2017) (noting in the heading that discretionary review was refused).

On October 20, 2018, Thomas filed an application for a writ of habeas corpus in state court under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 38-37 at 94-126). In this application, Thomas raised 12 claims challenging the conviction for tampering with evidence. (*Id.*). On November 6, 2018, Thomas filed a second Article 11.07 application that raised 13 claims challenging the conviction for evading arrest. (D.E. 38-41 at 101-33). On November 12, 2018, Thomas filed a third Article 11.07 application that again raised 13 claims challenging the conviction for evading arrest. (D.E. 38-44 at 128-60).

The TCCA denied all three Article 11.07 applications without written order on February 27, 2019. (D.E. 38-34 at 1; D.E. 38-38 at 1; D.E. 38-42 at 1).

3

b.  *Petition and Claims*

On January 9, 2020, Thomas filed his initial *pro se* § 2254 petition. (D.E. 1 at 18). In accordance with the undersigned's order, Thomas subsequently filed an amended petition raising 50 claims. (D.E. 33 at 33-74). Liberally construed, in claims 1, 3, 6-8, 10, 12, 14, 17-23, 31-35, 37, 40, 42, and 49, Thomas raises challenges to the revocation proceedings. In claims 2, 4-5, 9, 11-13, 15-20, 23-25, 27, 31-33, 35-39, 41-42, 45, and 47, he raises challenges to the underlying conviction for tampering with evidence. In claims 4-5, 11-12, 16-20, 23-33, 35-36, 41-46, 48, and 50, he raises challenges to the underlying conviction for evading arrest. (*See id.*).

### III.  DISCUSSION

a.  *Timeliness*

Respondent argues that Thomas's claims regarding his original guilty plea at the time of the order of deferred adjudication are time-barred because the one-year statutory limitations period under 28 U.S.C. § 2244(d) expired on May 13, 2016. (D.E. 40 at 11-12). Respondent contends that Thomas's Article 11.07 application did not toll the limitations period as to these claims because they were filed after the statute of limitations expired. (*Id.* at 12). As to Thomas's claims regarding the revocation proceedings, Respondent argues that these claims are also time-barred. (*Id.* at 12-13). Respondent contends that these claims became final on June 26, 2018, when the time for filing a petition for *certiorari* to the United States Supreme Court expired, which means that his § 2254 petition was due by June 26, 2019. (*Id.* at 12). Respondent argues that

Thomas's properly-filed Article 11.07 applications tolled the statute of limitations for 130 days, extending his time to file a § 2254 petition until November 3, 2019. (*Id.* at 12-13). However, Thomas did not file the petition until January 2020. (*Id.* at 13). Finally, Respondent argues that Thomas is not entitled to equitable tolling as to any of the claims because he has failed to diligently pursue relief. (*Id.* at 14).

Thomas responds that his state habeas application was denied on February 2, 2019, and his § 2254 petition was filed within one year of that date. (D.E. 41 at 1-2). He argues that his original pleas are void because an eight-year term of community supervision exceeded the maximum term allowed by law. (*Id.* at 2). He further argues that the revocation of his community supervision allowed him to challenge the original guilty pleas. (*Id.* at 2-3).

A one-year limitations period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). In relevant part, the limitations period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; or (3) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(A), (B), (D). The time during which a properly filed state collateral review application is pending is not counted toward the limitations period. *Id.* § 2244(d)(2). A state habeas petition filed

5

after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

A conviction becomes final when the availability of direct appeal to the state courts has been exhausted and the time for filing a write of *certiorari* to the Supreme Court has expired. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Petitions for a writ of *certiorari* must be filed within 90 days after the entry of judgment or the denial of discretionary review. Sup. Ct. R. 13.1.

A Texas order of deferred adjudication community supervision is a final judgment for the purposes of § 2244(d). *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). A notice of appeal must be filed within 30 days after the date the sentence is imposed. Tex. R. App. Proc. 26.2(a)(1). An offender placed on community supervision can file an application for a writ of habeas corpus. Tex. Code of Crim. Proc. art. 11.072.

The timeliness provision in § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to

satisfy the statute of limitations must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Thomas's § 2254 petition is untimely. First, as to his claims regarding the underlying convictions for tampering with evidence and evading arrest, the state court's order of deferred adjudication was a final judgment for the purposes of § 2244(d)(1)(A). *Caldwell*, 429 F.3d at 528-29. Thomas did not file a direct appeal, which means that the order of deferred adjudication became final 30 days after it was entered on May 13, 2015. (*See* D.E. 38-5 at 36); Tex. R. App. Proc. 26.2(a)(1). Accordingly, the limitations period to file a § 2254 petition regarding his guilty plea to tampering with evidence and evading arrest expired one year later on May 13, 2016. 28 U.S.C. § 2244(d)(1)(A). Thomas did not file his § 2254 petition until January 2020. (D.E. 1 at 18). Thomas's Article 11.07 applications challenging his plea to the tampering with evidence and evading arrest charges did not toll the limitations period because they were also filed after the limitation period ended. (*See* D.E. 38-37 at 126; D.E. 38-41 at 133; D.E. 38-44 at 160); *Scott*, 227 F.3d at 263.

Second, Thomas's claims regarding the revocation proceedings are also untimely. His guilt was adjudicated on January 11, 2017, but Thomas subsequently filed a direct appeal and petition for discretionary review. (D.E. 38-4 at 1-5). His petition for discretionary review was denied on March 28, 2018. *Thomas*, 2017 WL 6616739. Thus, the conviction became final on June 26, 2018, when his time for filing a petition for

*certiorari* with the United States Supreme Court expired. Sup. Ct. R. 13.1. Absent tolling, Thomas's § 2254 petition was due one year later, by June 26, 2019. 28 U.S.C. § 2244(d)(1). Thomas is entitled to statutory tolling for the period during which he had a properly-filed Article 11.07 application pending. *Id.* § 2244(d)(2). His first properly-filed application was filed on October 20, 2018, and all three applications were denied on February 27, 2019. (D.E. 38-34 at 1; D.E. 38-38 at 1; D.E. 38-42 at 1). Thus, the limitations period was tolled for these 130 days. This extended his time to file a § 2254 petition until November 4, 2019. Thomas did not file his petition until January 2020. (D.E. 1 at 18).

Finally, Thomas has not established that he is entitled to equitable tolling as to any of his claims. His failure to timely file was caused by, at best, excusable neglect, which is insufficient. *Lookingbill*, 293 F.3d at 264. As to his claims relating to the original order of deferred adjudication, although Thomas was seemingly under the impression that the limitations period did not begin until his community supervision was revoked, determining the actual law was a circumstance within his control. *See Wilson*, 442 F.3d at 875. Similarly, as to his claims regarding the revocation proceeding, Thomas was seemingly under the impression that his Article 11.07 applications reset the one-year limitations period, but that is not correct. The Article 11.07 applications merely tolled the limitations period for the time during which they were pending. *See* 28 U.S.C. § 2244(d)(2). Even for a *pro se* petitioner like Thomas, ignorance of the law does not excuse prompt filing. *Felder*, 204 F.3d at 172. Thus, Thomas's § 2254 petition is

untimely and he has not established that he is entitled to equitable tolling.

### b. *Actual Innocence*

Liberally construed, Thomas's claims and response may attempt to argue that he is actually innocent of the underlying convictions for tampering with evidence and evading arrest. (*See generally* D.E. 33, 41).

A showing of actual innocence allows a petitioner to advance to the merits of his claims, even where he did not file his § 2254 petition within the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Successful actual-innocence claims are rare, however, and the petitioner must establish that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* at 386, 394-95. "Actual innocence" means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Here, Thomas has not made a sufficient showing of actual innocence because he has not presented any new evidence. *See McQuiggin*, 569 U.S. at 386.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Thomas has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Thomas's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's construed motion for summary judgment (D.E. 40) be GRANTED. Thomas's § 2254 petition should be DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 13th day of October, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).